IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TAVERN DOWNING, SR**, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>**JESSE THOMPSON**, *et al.*,<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:24-cv-00277-TES** |

**ORDER DENYING**
**DEFENDANTS' MOTIONS TO DISMISS IN PART**

Before the Court is a Motion to Dismiss [Doc. 9] filed by Defendants Jesse Thompson, Reginald Nelson, Joel Presley, and Deborah Statham. Defendants seek dismissal for various reasons arising under Federal Rule of Civil Procedure 12. [Doc. 9, p. 1].

**BACKGROUND**[1]

This is the second iteration of Plaintiffs' case filed in this Court. On August 7, 2024, the Court dismissed Plaintiffs' earlier suit for insufficient service of process. *See Downing v. Thompson*, No. 5:23-CV-00501-TES, 2024 WL 3700199, at *1 (M.D. Ga. Aug. 7, 2024). A week later, Plaintiffs filed the current action. [Doc. 1]. In their Complaint

---

[1] Since this Order only addresses Defendants' Motion as it pertains to service of process, the factual background is limited to the matters related to service.

[Doc. 1], Plaintiffs[2] bring claims against four different sets of parties. First, Plaintiffs allege claims against officer-Defendants for searching their home. [Doc. 1, pp. 7-8]. Second, Plaintiffs quibble with employees of the District Attorney's Office and Bibb County Sheriff's Office for mishandling their property. [*Id.* at pp. 9-10]. Third, Plaintiffs sue attorney Travis Griffin for his efforts as Plaintiff Tavern Downing, Sr.'s[3] counsel in the criminal action. [*Id.* at p. 11]. And finally, Plaintiffs bring claims against news stations for covering the story of Downing's arrest. [*Id.* at p. 12].

Plaintiffs filed this action on August 14, 2024. [Doc. 1]. On August 29, 2024, Plaintiffs filed Proofs of Service [Doc. 3] for Defendants Thompson, Presley, and Statham,[4] purporting to reflect sufficient service on Tierra Hundley as an agent of these Defendants.

On September 19, 2024, Defendants Thompson, Nelson, Presley, and Statham filed the instant Motion, seeking dismissal for insufficient service, along with other

---

[2] Plaintiffs include: Tavern Downing, Sr., William Graham, Jr., Henry Harris, Jr., Marvin Wells, Dollie Downing, Tekeitha Valdez Downing, Bennie Ogletree, Saul Downing, Tylia Downing, and Victor Downing. [Doc. 1, p. 14].

As Judge Treadwell previously explained to this group of Plaintiffs, all pro se plaintiffs must sign each pleading. Here, Plaintiff Tavern Downing, Jr.'s signature does not appear on the "Plaintiffs Signature Page," [Doc. 1, p. 14]. Therefore, Tavern Downing, Jr., is **DISMISSED** from this action. *See Downing v. Thomas*, No. 5:23-CV-501 (MTT), 2024 WL 1283817, at *1 (M.D. Ga. Mar. 26, 2024); *Jackson v. St. Lawrence*, No. CV410-291, 2011 WL 2535310, at *1 (S.D. Ga. June 27, 2011).

[3] Since he is central to most of the claims, the Court refers to Tavern Downing, Sr. as "Downing" throughout the Order.

[4] Hundley also received a summons for Defendant Nelson, but Plaintiffs did not file a Proof of Service for him. [Doc. 9, p. 10].

2

asserted defenses. [Doc. 9]. Plaintiffs filed a Response[5] [Doc. 10] on October 10, 2024.

## LEGAL STANDARD

Since proper service is a jurisdictional prerequisite, the Court focuses its analysis on that issue. To effect service of process, a plaintiff must—within 90 days of filing suit—serve a copy of the summons *and* complaint on each defendant in a manner consistent with the requirements of Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 4(a), (c), (e), & (m); *T-12 Ent., LLC v. Young Kings Enters., Inc.*, 36 F. Supp. 3d 1380, 1391 (N.D. Ga. 2014). If there is a problem with the process or the service of it, a defendant may move to dismiss the action under Federal Rules 12(b)(4) or 12(b)(5).

Service of process is a threshold jurisdictional requirement—meaning that "where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). "[W]ithout proper service of process, the district court ha[s] no power to enter a default judgment against the [defendant]." *Albert v. Discover Bank*, No. 21-12011,

---

[5] Plaintiffs' Response, though, warrants some attention. Federal Rule of Civil Procedure 11 requires all parties not represented by counsel to personally sign each "pleading, written motion, and other paper," filed in federal court. Fed. R. Civ. P. 11(a). Downing is the only party that signed the Response. [Doc. 10, p. 8]. Accordingly, the Court would be within its discretion to deem the remaining Plaintiffs' claims abandoned since they did not file a response to Defendants' Motion. However, the Court exercises its discretion and reviews the merits of the Motion and Response as it applies to all Plaintiffs. The Court warns Plaintiffs that all future filings must be signed by all pro se parties who remain in the case. *See* Fed. R. Civ. P. 11(a). **Failure to comply with this instruction will result in the dismissal of any remaining claims.**

2022 WL 1184405, at *1 (11th Cir. Apr. 21, 2022). In other words, "where service of process is insufficient, it is 'improper for the district court to . . . reach[] the merits" of a case. *Glover v. City of Abbeville*, No. 5:19-CV-277-MTT, 2020 WL 1876253, at *3 (M.D. Ga. Apr. 15, 2020) (quoting *Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x 181, 182–83 (11th Cir. 2007)).

Although a defendant first bears the burden of specifying how a plaintiff failed to satisfy the procedural requirements of Rule 4, once the defendant does so, the plaintiff ultimately bears the burden of proving valid and adequate service of process. *Glover*, 2020 WL 1876253, at *3; *see T-12 Ent.*, 36 F. Supp. 3d at 1391–92; *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1297 (N.D. Ga. Aug. 18, 2009) (citing *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990)). As it pertains here, a plaintiff's pro se status does not lessen this burden. Pro se plaintiffs must comply with the Federal Rules of Civil Procedure just the same as any other litigant. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam) ("Despite construction leniency afforded pro se litigants, we nevertheless have required them to conform to procedural rules.").

## DISCUSSION

Defendants Thompson, Presley, Nelson, and Statham argue they should be dismissed because Plaintiffs failed to properly execute service of process. [Doc. 9, p. 9]. Again, Plaintiffs purported to serve these Defendants by leaving service

documents with Tierra Hundley—an assistant to Bibb County Sheriff David Davis. [*Id.* at p. 11]; [Doc. 3]. However, Defendants contend that Hundley lacks the authority to accept service of process for them. [Doc. 9, p. 11].

Federal Rule of Civil Procedure 4(e) describes the ways an individual may be served, which includes:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Under Georgia law, service on natural persons is to be made "personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized . . . to receive service of process." O.C.G.A. § 9-11-4(e)(7); *see also Hunt v. Nationstar Mortg.*, No. 21-10398, 2022 WL 1701487, at *3 (11th Cir. May 27, 2022).

In their Response, Plaintiffs didn't address Defendants' arguments regarding service of process. *See generally* [Doc. 10]. Therefore, "[w]ithout evidence or argument from Plaintiff[s] to the contrary, the court assumes [Defendants'] assertion of improper

5

service is unopposed." *Ford v. Bass & Assocs., P.C.*, No. 5:19-CV-00159-TES, 2020 WL 714162, at *3 (M.D. Ga. Feb. 12, 2020).

Regardless, Hundley is not authorized to accept service on behalf of these Defendants. *See, e.g.*, *Headrick v. Fordham*, 268 S.E.2d 753, 755 (Ga. Ct. App. 1980); *News-Press Pub. Co. v. Kalle*, 326 S.E.2d 582, 583 (Ga. Ct. App. 1985); *see also* [Doc. 9-1]; [Doc. 9-2]; [Doc. 9-3]; [Doc. 9-4]. But since Rule 4(m)'s 90-day period hasn't run, the Court cannot dismiss Plaintiffs' case on this ground. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1341 n.5 (11th Cir. 2005) (finding an abuse of discretion where the district court dismissed a plaintiff's case for insufficient service before Rule 4(m)'s service period passed).

Accordingly, the Court **DENIES** Defendants' Motion insofar as it seeks dismissal based on insufficient service of process. And, since Defendants have yet to be properly served, the Court cannot reach the merits of the case. *See Jackson*, 259 F. App'x at 182–83; *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Therefore, the Court **RESERVES RULING** on the remaining portions of Defendants' Motion until either Defendants waive service of process[6] or Rule 4(m)'s service deadline passes.

**SO ORDERED**, this 16th day of October, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[6] Defendants may waive service through counsel, or waive any arguments related to insufficient service.