IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TAVERN DOWNING, SR**, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> **JESSE THOMPSON**, *et al.*, <br><br> *Defendants.* | **CIVIL ACTION NO.** <br> **5:24-cv-00277-TES** |

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

Before the Court is a Motion to Dismiss [Doc. 9] filed by Defendants Jesse Thompson, Reginald Nelson, Joel Presley, and Deborah Statham. Defendants seek dismissal for various reasons arising under Federal Rule of Civil Procedure 12. [Doc. 9, p. 1].

### BACKGROUND

This is the second iteration of Plaintiffs' case filed in this Court. On August 7, 2024, the Court dismissed Plaintiffs' earlier suit for insufficient service of process. *See Downing v. Thompson*, No. 5:23-CV-00501-TES, 2024 WL 3700199, at *1 (M.D. Ga. Aug. 7, 2024). A week later, Plaintiffs filed the current action. [Doc. 1]. In their Complaint

[Doc. 1], Plaintiffs[1] bring claims against four different sets of parties. First, Plaintiffs allege claims against officer-Defendants for searching their home. [Doc. 1, pp. 7-8]. Second, Plaintiffs quibble with employees of the District Attorney's Office and Bibb County Sheriff's Office for mishandling their property. [*Id.* at pp. 9-10]. Third, Plaintiffs sue attorney Travis Griffin for his efforts as Plaintiff Tavern Downing, Sr.'s[2] counsel in the criminal action. [*Id.* at p. 11]. And finally, Plaintiffs bring claims against news stations for covering the story of Downing's arrest. [*Id.* at p. 12]. This Motion only covers four Defendants; therefore, the factual background only includes relevant information as it pertains to those Defendants.

On February 15, 2019, Defendants Jesse Thompson, Marcus Baker, Jarrett Arrington, Reginald Nelson, Paul McDuffie, and Joel Presley "invaded" the "Tavern Downing home," and ultimately "searched and seized over 600 bitcoins and destroyed" Downing's laboratory, research chemicals, and home. [Doc. 1, p. 7]. Plaintiffs contend that preceding this search, Arrington—a USPS inspector—

---

[1] Plaintiffs include: Tavern Downing, Sr., William Graham, Jr., Henry Harris, Jr., Marvin Wells, Dollie Downing, Tekeitha Valdez Downing, Bennie Ogletree, Saul Downing, Tylia Downing, and Victor Downing. [Doc. 1, p. 14].

As Judge Treadwell previously explained to this group of Plaintiffs, all pro se plaintiffs must sign each pleading. Here, Plaintiff Tavern Downing, Jr.'s signature does not appear on the "Plaintiffs Signature Page," [Doc. 1, p. 14]. Therefore, Tavern Downing, Jr., is dismissed from this action. *See Downing v. Thomas*, No. 5:23-CV-501 (MTT), 2024 WL 1283817, at *1 (M.D. Ga. Mar. 26, 2024); *Jackson v. St. Lawrence*, No. CV410-291, 2011 WL 2535310, at *1 (S.D. Ga. June 27, 2011).

[2] Since he is central to most of the claims, the Court refers to Tavern Downing, Sr. as "Downing" throughout the Order.

2

delivered a package with a "trip wire to set off an alert" once someone opened the package. [*Id.*]. According to Plaintiffs, the package contained one pound of MDMA. [*Id.*].

The trip wire never triggered, so the officers "forced their way into the residence . . . began screaming and yelling and storming the home." [*Id.*]. The officers "placed everyone in handcuffs and began to interrogate [and] humiliate everyone." [*Id.*]. The officers then questioned Plaintiffs regarding the drugs, threatening jail time if they did not cooperate. [*Id.*]. Plaintiffs contend that three minor children—Saul Downing, Tylia Downing, and Victor Downing—all witnessed the events.[3] [*Id.*].

Following the search of the home, officers placed Plaintiffs outside in front of a crowd of neighbors and other witnesses. [*Id.* at p. 8]. Finally, officers escorted Downing to a transport van and took him to jail. [*Id.*]. Eventually, four years later, Superior Court Judge Mincey dismissed all charges because the search of Plaintiffs' home lacked a valid search warrant or exigent circumstances. [*Id.*]; *see also* [Doc. 1-1].

After Judge Mincey dismissed the charges, Downing attempted to retrieve his property from the Bibb County Sheriff's Office. [*Id.* at p. 9]. Downing first talked to

---

[3] These minors are also included as Plaintiffs in the case. But, as Plaintiffs concede, minor children do not have the capacity to sue on their own behalf. *See* [Doc. 10, p. 2]; Fed. R. Civ. P. 17(c); *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 448 (11th Cir. 2008). And non-lawyer parents cannot sue on behalf of minor children, either. *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) *overruled on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Accordingly, the Court **DISMISSES** Plaintiffs Saul Downing, Tylia Downing, and Victor Downing.

Statham,[4] who informed him that he needed to contact the District Attorney's Office. [*Id.*]. The District Attorney's Office, though, told Downing that the Sheriff's Office maintained possession of his property. [*Id.*]. After a few exchanges between the parties, Statham told Downing to make an appointment to get his property. [*Id.*]. Once he arrived and Statham retrieved his property, Downing noticed that the property did not include his "cold wallets" containing "over 600 bitcoins." [*Id.*]. Downing asked Statham about the missing property and she instructed him to contact the investigator who worked on the case. [*Id.*].

Plaintiffs' Complaint presents 14 total counts, but only 10 counts apply to these Defendants. Those relevant counts include count 1: search and seizure of property; count 2: reckless endangerment; count 3: home invasion; count 4: searching and destroying property; count 5: theft of digital currency during search; count 6: false imprisonment; count 7: defamation of character; count 8: theft of digital currency post-arrest; count 10: fraud and misrepresentation;[5] count 13: misrepresentation of facts to a grand jury. [Doc. 1, pp. 2–6].

Defendants Thompson, Nelson, Presley, and Statham filed the instant Motion on September 19, 2024. [Doc. 9]. Plaintiffs filed a Response [Doc. 10] on October 10,

---

[4] Statham is a records clerk with the Bibb County Sheriff's Office. [Doc. 9-3, ¶ 2].

[5] For ease of reference, the Court groups counts 1–5, 7, and 10 together, as each count relates to the search and related events on February 15, 2019.

2024. The Court previously denied Defendants' Motion insofar as it sought dismissal based on insufficient service, and reserved ruling on the remainder of Defendants' Motion. [Doc. 12]. Now that service is completed as to these Defendants,[6] the Court reviews the Motion to Dismiss on the merits.[7]

## **LEGAL STANDARD**

When ruling on a 12(b)(6) motion, district courts must accept the facts set forth in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss only if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). In fact, a well-pled complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (citation omitted). To decide whether a complaint survives a motion to dismiss, district courts are instructed to use a

---

[6] *See* [Doc. 23-8]; [Doc. 23-9]; [Doc. 23-10]; [Doc. 22-1].

[7] Since these Defendants have now been served, the Court **DENIES** Defendants' Motion to the extent it seeks dismissal based on insufficient service.

5

two-step framework. *Id.* The first step is to identify the allegations that are "no more than mere conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Furthermore, a complaint attacked by a 12(b)(6) motion is subject to dismissal when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "A plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333 (internal quotations omitted); *see also Twombly*, 550 U.S. at 555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take all factual allegations in the complaint as true; they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss is not whether

6

the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 545, 555. Finally, complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

## DISCUSSION

### I. Statute of Limitations

Section 1983 provides a federal cause of action but, because it does not have its own statute of limitations, state law sets the limitations period. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Claims for constitutional violations brought under § 1983 are regarded as "tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008) (quoting *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008)). In Georgia, the statute of limitations for § 1983 claims is two years. *Williams v. City of Atlanta*, 794 F.2d 624, 627 (11th Cir. 1986). Relevant here, Georgia

tolled the statute-of-limitations period during the COVID-19 pandemic for 122 days. *First Merit Credit Servs. v. Fairway Aviation, LLC*, 860 S.E.2d 126, 132 (Ga. Ct. App. 2021) (describing the Supreme Court of Georgia's Emergency Order and holding: "The 122-day tolling provision has been included in all subsequent extensions of the emergency order.").

Although the length of the statute of limitations is provided by state law, federal law dictates the date of accrual. *Kato*, 549 U.S. at 388-89. Federal law provides that a claim accrues "when the plaintiff has 'a complete and present cause of action.'" *Reed v. Goertz*, 598 U.S. 230, 235 (2023) (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). That is generally the date when the plaintiff knew or should have known of his injury. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1123 (11th Cir. 2017) (explaining that the "should have known" element often means that a cause of action accrues on the date of the injury's occurrence). To determine the date of accrual, courts focus on the specific constitutional right alleged to have been infringed. *Reed*, 143 S. Ct. at 961. The Court evaluates each count against these Defendants in turn.

    a.    **Counts 1–7 & 10[8]**

As to counts 1–5—*i.e.*, the claims arising from the February 15, 2019 search—

---

[8] Defendants make numerous arguments in the alternative. However, because the Court dismisses these counts based on the statute of limitations, it does not address Defendants' remaining arguments regarding state-sovereign immunity, failure to state a claim, etc., as to these counts.

Plaintiffs "knew or should have known of the injuries giving rise to [their] Fourth Amendment excessive force and unreasonable search and seizure claims" on February 15, 2019—the date of the search and subsequent arrests. *Glenn v. Schill*, No. 3:22-CV-77 (CDL), 2023 WL 3855590, at *3 (M.D. Ga. June 6, 2023); [Doc. 1, p. 7]. That means the relevant statute of limitations ran on February 15, 2021. However, because of the Supreme Court of Georgia's Emergency Order, the tolled statute of limitations ran on June 17, 2021. Plaintiffs filed this action on August 14, 2024—far too late.[9] Accordingly, the Court **DISMISSES** Plaintiffs' § 1983 claims in counts 1–5 as to these Defendants **with prejudice**.[10]

In count 6, Plaintiffs allege claims for false imprisonment. [Doc. 1, p. 3]. But a "cause of action for false imprisonment accrue[s] upon [a plaintiff's] release from imprisonment." *Brown v. Lewis*, No. 4:08-CV-150 (CDL), 2009 WL 1813206, at *4 (M.D. Ga. June 25, 2009); *see also Wallace v. Kato*, 549 U.S. 384, 389 (2007). So, any claims for false imprisonment accrued on the date Bibb County released Downing—May 28,

---

[9] Even applying Georgia's renewal statute—O.C.G.A. § 9-2-61—does not save Plaintiffs' case. Indeed, for the renewal statute to apply, the original action must be filed within the applicable statute of limitations. See O.C.G.A. § 9-2-61(a); *see also Harvey v. Daniels*, 625 F. App'x 499, 502 (11th Cir. 2015). Plaintiffs filed the first action on December 13, 2023—also outside of the statute of limitations. *See* Complaint, *Downing v. Thomas*, No. 5:23-cv-00501-TES (M.D. Ga. Dec. 13, 2023), ECF No. 1.

[10] The applicable statute of limitations also bars any Georgia-law claims for excessive force and unreasonable search and seizure. *Glenn*, 2023 WL 3855590, at *3 ("Glenn's excessive force and unreasonable search and seizure claims arising under the Georgia Constitution are also time-barred under Georgia's two-year statute of limitations for the same reasons as his corresponding § 1983 claims.").

2019. [Doc. 9-2, p. 4]; *Harris v. City of Albany*, No. 1:15-CV-034 (LJA), 2016 WL 5477098, at *3 (M.D. Ga. Sept. 27, 2016). Again, that means the relevant statute of limitations ran on September 27, 2021.[11] Consequently, the Court **DISMISSES** Plaintiffs' § 1983 claim for false imprisonment in count 6 as to these Defendants **with prejudice**.[12]

Counts 7 and 10 allege defamation of character and fraud/misrepresentations based on the officer-Defendants interactions with media sources on February 15, 2019. [Doc. 1, pp. 4–5]. However, the statute of limitations for those claims is also two years. *Rosenberger v. Dep't of Fam. & Childrens Servs.*, No. 3:23-CV-26-CDL-MSH, 2023 WL 4186350, at *3 (M.D. Ga. June 23, 2023).[13] And, even worse for Plaintiffs, this type of claim is explicitly barred against law-enforcement officers. *See Walker v. Atlanta Police Dep't Pub. Affs. Unit*, 322 F. App'x 809, 811 (11th Cir. 2009) ("Although imputing criminal behavior to an individual is generally considered defamation and actionable without proof of special damages, the Supreme Court has held that a claim of being defamed by a police officer is not actionable under § 1983.") (citing *Paul v. Davis*, 424 U.S. 693, 711–12 (1976)). Thus, the Court **DISMISSES** counts 7 and 10 as to these Defendants **with prejudice**.

---

[11] Including the 122-day tolling period as explained above.

[12] To the extent Plaintiffs intended to bring a state-law false-imprisonment claim, it is also barred by the statute of limitations. *See Reese v. City of Atlanta*, 545 S.E.2d 96, 98 (Ga. Ct. App. 2001).

[13] Any state-law defamation claim is also barred, as the statute of limitations for defamation in Georgia is one year. *Rosenberger*, 2023 WL 4186350, at *3 n.5.

### b. Count 13

The analysis for count 13 is different. In count 13, Plaintiffs assert claims of what amounts to malicious prosecution based on lying to a grand jury.[14] [Doc. 1, p. 6]. A malicious prosecution claim accrues when "the prosecution terminates in the [plaintiff's] favor." *Burgest v. McAfee*, 264 F. App'x 850, 852 (11th Cir. 2008). Here, Judge Mincey dismissed all charges against Downing on October 18, 2023. [Doc. 1-1]. Therefore, the claim did not accrue until that date and Plaintiffs' claim is within the two-year statute of limitations. *Whiting v. Traylor*, 85 F.3d 581, 585 (11th Cir. 1996).

## II. Failure to State a Claim

Apart from the statute-of-limitations defense, Defendants contend that the remaining counts against them (*i.e.*, counts 8 and 13) fail to state a claim and should be dismissed. The Court reviews each in turn.

### a. Count 8

Count 8 alleges that someone unlawfully stole over 600 Bitcoins.[15] [Doc. 1, p. 4]. However, such a claim may not be litigated in this Court. Indeed, as the Eleventh

---

[14] Defendants read count 13 differently. They argue count 13 is simply "based on misrepresenting facts to a grand jury," and that the statute of limitations ran from the date of the grand jury meeting. The Court does not read these pro se Plaintiffs' claims so narrowly. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Instead, the Court reads Plaintiffs' count as a malicious prosecution claim for lying before a grand jury—a claim that did not accrue until termination of the criminal action in Downing's favor. *See, e.g.*, *White v. Frank*, 855 F.2d 956, 961 (2d Cir. 1988).

[15] As an initial matter, the Court isn't certain that someone can physically "steal" Bitcoins. However, even assuming that such an act is possible, the claim fails.

Circuit explained in *Lindsey v. Storey*, a state actor's retention of an individual's property does not give rise to liability under § 1983 "if a meaningful post-deprivation remedy for the loss is available." 936 F.2d 554, 561 (11th Cir.1991) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). And Georgia law provides an adequate post-deprivation remedy for such a claim via an action under O.C.G.A. § 51-10-1. *See id.* Therefore, to the extent count 8 brings a § 1983 claim, it is **DISMISSED**.

Reading count 8 as a state-law claim fares no better, as Plaintiffs failed to state a cognizable claim against Defendant Statham. The Complaint solely accuses the unidentified person who "checked that property out of the Sheriff['s] Office." [*Id.* at p. 10]. By Plaintiffs' own version of the facts, Statham did not check out the items—someone with the District Attorney's Office did. [*Id.* at p. 9]. Plaintiffs offer no facts to connect Statham to any potential theft except for the fact that she helped Downing retrieve his property. Plaintiffs do not allege that Statham herself participated in any theft; rather, the facts just show that Statham discussed the issue with Downing. That is not "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545, 555. Therefore, Plaintiffs' state-law claim for the stolen property fails and the Court **DISMISSES** count 8 as to Defendant Statham **without prejudice**.[16]

---

[16] To the extent Plaintiffs attempt to bring a § 1983 claim for conspiracy, such claims fail. To be sure, Plaintiffs do not "show some evidence of agreement between the defendants" to violate their civil rights by stealing property. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1284 (11th Cir. 2002). Accordingly, assuming, *arguendo*, Plaintiffs intended to bring a § 1983 claim for conspiracy, it is **DISMISSED**.

b.  **Count 13**

In count 13, Plaintiffs allege that Defendant Thompson "knowingly, willfully[,] intentionally[,] and negligently misrepresent[] facts to a grand jury to get an indictment against Tavern Downing Sr." [Doc. 1, p. 6 (cleaned up)]. As outlined above, the Court construes this count as a claim for malicious prosecution based solely on Thompson's testimony before the grand jury. However, Thompson, as a police officer, is "absolutely immune from a § 1983 civil action for his testimony, even if false, before the grand jury." *Jones v. Cannon*, 174 F.3d 1271, 1286 (11th Cir. 1999); *Kelly v. Curtis*, 21 F.3d 1544, 1553 (11th Cir. 1994). The same is true under Georgia law. *See Rich v. New*, 329 S.E.2d 176, 177 (Ga. Ct. App. 1985) ("However, [g]enerally the testimony delivered in a judicial proceeding and before a court with jurisdiction to consider the questions at issue is absolutely privileged.") (citations omitted).[17] Accordingly, count 13 is **DISMISSED** as to Defendant Thompson **with prejudice**.[18]

## CONCLUSION

In sum, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion. The Court **DENIES** Defendants' Motion as to the insufficient-service defense.

---

[17] Even assuming that Thompson is not entitled to immunity for his grand-jury testimony, count 13 is completely devoid of any factual allegations. Indeed, it consists only of "labels and conclusions" along with a "formulaic recitation" of *some* elements needed for a malicious-prosecution claim. *McCullough*, 907 F.3d at 1333 (internal quotations omitted).

[18] *See Baxter v. Washington*, 201 F. App'x 656, 658 (11th Cir. 2006) (holding that claims dismissed due to absolute immunity are dismissed with prejudice).

13

As to Rule 12(b)(6) the Court **GRANTS** Defendants' Motion and **DISMISSES** counts 1–7 and 10 as to Defendants Thompson, Presley, Nelson, and Statham **with prejudice** because the statute of limitations expired before Plaintiffs filed suit. The Court also **DISMISSES** count 8 as to Defendant Statham and count 13 as to Defendant Thompson for failure to state a claim. Because there are no pending claims remaining against them, the Court **DIRECTS** the Clerk of Court to **TERMINATE** Defendants Thompson, Presley, Nelson, and Statham as parties to this action. Further, the Court **DIRECTS** the Clerk to **TERMINATE** Saul Downing, Tylia Downing, and Victor Downing as Plaintiffs in this case.

      **SO ORDERED**, this 18th day of November, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**