IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TAVERN DOWNING, SR, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>JESSE THOMPSON, *et al.*,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:24-cv-00277-TES |

### ORDER

Before the Court is Plaintiffs' Motion for Alternative Service [Doc. 24], wherein Plaintiffs ask the Court to allow them to serve "the defendants in a different manner that will satisfy Rule 4." [Doc. 24, p. 1]. Given the Plaintiffs' pro se status, the Court construes their motion to seek permission to serve the remaining Defendants via publication under Georgia law. However, Plaintiffs do not meet the requisite standard.

### LEGAL STANDARD

"Unless federal law provides otherwise," Federal Rule of Civil Procedure 4(e)(1) allows "an individual . . . [to] be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Georgia's Civil Practice Act provides that service of a lawsuit may be made by publication "in the paper in which

sheriff's advertisements are printed, four times within the ensuing 60 days, publications to be at least seven days apart." O.C.G.A. § 9-11-4(f)(1)(C).

"[T]he constitutional prerequisite for allowing such service . . . is a showing that reasonable diligence has been exercised in attempting to ascertain [a defendant's] whereabouts." *Abba Gana v. Abba Gana*, 304 S.E.2d 909, 912 (Ga. 1983). "[I]t is the duty of the courts to determine whether the movant has exercised due diligence in pursuing every reasonably available channel of information." *In Interest of A.H*, 795 S.E.2d 188, 189 (Ga. Ct. App. 2016). The Georgia Court of Appeals holds that "[d]ue diligence is generally demonstrated by an affidavit." *Id.* (citing O.C.G.A. § 9-11-4 (f)(1)(A) (authorizing service by publication in "all manner of civil actions" if a party "cannot, after due diligence, be found within the state, . . . and the fact shall appear, by affidavit, to the satisfaction of the judge or clerk of the court")).

## DISCUSSION

Plaintiffs' Motion does not show due diligence on their part to serve Defendants or any effort on the part of the unserved Defendants to conceal their whereabouts. Indeed, the record shows only that Plaintiffs' process server attempted one time to serve Defendants Smith, Collins, Daniel, Baker, McDuffie, May, Arrington, and Flourney at their previous place of employment. *See* [Doc. 22]; [Doc. 22-2]; [Doc. 22-3]; [Doc. 23-1]; [Doc. 23-2]; [Doc. 23-3]; [Doc. 23-4]. But one attempt at service is generally not enough to show due diligence. *Cf. Kennedy v. Campbell Soup Co.*, No. 1:09-CV-2295-

WSD, 2009 WL 5219029, at *3 (N.D. Ga. Dec. 31, 2009). True, in this latest suit, Plaintiffs hired a process server to locate Defendants. However, it appears that the process servers did nothing more than travel to Defendant's last known address of employment to locate and serve Defendants. But, that minimal effort isn't enough to satisfy the requisite due-diligence standard.

Even more, Plaintiffs do not include any sort of affidavit explaining the specific steps they have taken to diligently serve these Defendants or to show that the Defendants are actively avoiding service. *See* O.C.G.A. § 9-11-4(f)(1)(A) ("When the person on whom service is to be made . . . cannot, after due diligence, be found within the state, or conceals himself or herself to avoid the service of the summons, and the fact shall appear, *by affidavit*, to the satisfaction of the judge . . . the judge or clerk may grant an order that the service be made by the publication of summons[.]." (emphasis added)); *see also In Interest of A.H*, 795 S.E.2d at 189. Accordingly, the Court **DENIES** Plaintiffs' Motion for Alternative Service as construed for a request to serve Defendants via publication. [Doc. 24].

To the extent Plaintiffs Motion and other filings are in response to the Court's Order to Show Cause [Doc. 21], Plaintiffs failed to explain their lack of service or show any good cause for extending their time to serve these Defendants. As outlined in the Court's prior Order, Federal Rule of Civil Procedure 4(m) requires the Court to dismiss Plaintiffs' claims against any unserved Defendants upon the expiration of the service

period. *See* [Doc. 21, p. 2 (citing Fed. R. Civ. P. 4(m))].

Here, Plaintiffs' service period expired on November 12, 2024, and the Court would be well within its discretion to dismiss Plaintiffs' claims against Defendants Smith, Collins, Daniel, Baker, McDuffie, May, Arrington, and Flourney.[1] However, because it is unclear if Plaintiffs' filings are directly responsive to the Court's Show Cause Order, the Court clarifies: **Upon the expiration of the Court's show-cause deadline—*i.e.*, after November 29, 2024[2]—the Court will dismiss all remaining unserved Defendants unless Plaintiffs offer sufficient proof of service or demonstrate good cause as to why the service period should be extended**.

**SO ORDERED**, this 21st day of November, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] There is also no evidence of proper service—or any attempted service—on Defendant Pacific and Southern LLC, d/b/a 13 WMAZ TV. Plaintiff must **SHOW CAUSE** and prove sufficient service for this Defendant, too.

[2] *See* [Doc. 21, p. 3].