# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **TAVERN DOWNING, SR,**  *Plaintiff,*[1]  v.  **JESSE THOMPSON,** *et al.*,  *Defendants.* | **CIVIL ACTION NO.**  **5:24-cv-00277-TES** |

## ORDER

The Court previously ordered Plaintiff to show cause demonstrating why this action should not be dismissed for lack of service on numerous Defendants. [Doc. 21]. The show-cause deadline passed, and Plaintiff only sought an order to serve by publication, or in the alternative, an extension of time to serve, two Defendants—Paige Miller and Travis Griffin. *See* [Doc. 32]. However, upon review of that Motion [Doc. 32] and the supporting affidavits, *see* [Doc. 33], it is clear that Plaintiff failed to

---

[1] As the Court warned in previous Orders, *see, e.g.*, [Doc. 12], all pro se parties must sign each filing with the Court. *See* Fed. R. Civ. P. 11(a). However, each recent filing only includes one signature: Tavern Downing, Sr. *See, e.g.*, [Doc. 32]; [Doc. 33]; [Doc. 25]; [Doc. 24]. Even more, Downing, Sr. refers to himself as the singular "Plaintiff" in many of those same filings. [Doc. 32, p. 3]; [Doc. 25, p. 1]; [Doc. 24, p. 1]. Accordingly, the Court finds that the remaining Plaintiffs—William Graham, Jr., Henry Harris, Jr., Marvin Wells, Dollie Downing, Takeitha Valdez Downing, Bennie Ogletree, and Calvin Potter—have failed to comply with the Court's clear instructions and have otherwise abandoned their claims. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order."). **Therefore, Tavern Downing, Sr. is the sole remaining Plaintiff**.

exercise reasonable diligence in attempting to serve Paige Miller, therefore he lacks good cause[2] for such an extension or alternative means of service. *See* Fed. R. Civ. P. 4(m); *Abba Gana v. Abba Gana*, 304 S.E.2d 909, 912 (Ga. 1983).

Indeed, Plaintiff's affidavit and exhibits show that the process server attempted to serve Miller at 577 Mulberry Street, Suite 1250, Macon, GA 31201. [Doc. 33-1]. But, Plaintiff's own allegations list Miller as an assistant district attorney—and the district attorney's office is located at 661 Mulberry Street. [Doc. 1, p. 10]. Even worse, a simple search of the Georgia Bar's member directory shows that Miller now works in Atlanta, Georgia.[3] With all of that in mind, it is clear that Plaintiff failed to show good cause sufficient to warrant an extension of time to serve Defendant Miller. Accordingly, Plaintiff's Motion [Doc. 32] is **DENIED in part** as to Miller, and Paige Miller is **DISMISSED** from this action for lack of service. *See* Fed. R. Civ. P. 4(m).

As to Defendant Travis Griffin, the Court **RESERVES** ruling on Plaintiff's Motion and **SCHEDULES** an in-person hearing on **Monday, December 9, 2024, at 11:30 a.m.** at the William A. Bootle Federal Building & U.S. Courthouse in Macon, Georgia. During that hearing, the Court will hear arguments regarding both

---

[2] "Good cause" exists "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).

[3] *See* Paige Mackenzie Miller, State Bar of Georgia Member Directory, https://www.gabar.org/member-directory/?id=9A659E9E14192D002ECF7157D6D1D9B4 (last visited Dec. 2, 2024).

Plaintiff's Motion [Doc. 32], and Defendant Griffin's Motion to Dismiss [Doc. 20].

As to the remaining unserved Defendants, as the Court previously explained, to effect service of process, a plaintiff must—within 90 days of filing suit—serve a copy of the summons *and* complaint on each defendant in a manner consistent with the requirements of Federal Rule of Civil Procedure 4, unless the defendant waives service. *See* Fed. R. Civ. P. 4(c), (d), (i) & (m). With August 14, 2024, as the filing date for Plaintiff's Complaint, Plaintiff had until November 12, 2024, to properly effectuate service on Defendants. *See* Fed. R. Civ. P. 4(m) *in connection with* [Doc. 1]. Where a plaintiff fails to timely perfect service of process, a court—on its own initiative after giving notice to the plaintiff, or upon a motion by a defendant—must either dismiss without prejudice the claims against any non-served defendant or extend the time for serving process. Fed. R. Civ. P. 4(m).

As the Court warned in its show-cause Order: "Failure to fully and timely comply with this Order will result in the immediate dismissal of the claims set forth in Plaintiff['s] Complaint against the [unserved] Defendants pursuant to Rule 4(m)." [Doc. 21, p. 3]; *see also* [Doc. 31, p. 3 ("However, because it is unclear if Plaintiff['s] filings are directly responsive to the Court's Show Cause Order, the Court clarifies: Upon the expiration of the Court's show-cause deadline—*i.e.*, after November 29, 2024—the Court will dismiss all remaining unserved Defendants unless Plaintiff[] offer[s] sufficient proof of service or demonstrate[s] good cause as to why the service period should be

extended.") (emphasis altered)].

Therefore, since Plaintiff failed to timely effect service on—or otherwise seek an extension to serve—these Defendants, the Court **DISMISSES** Pacific and Southern LLC, d/b/a 13 WMAZ TV, Jim MacDonald, Mike Smith, Robert Collins III, Mark Daniel, Marcus Baker, Paul McDuffie, Tony May, Jarret Arrington, Paige Miller, and Vanessa Flourney. The Clerk of Court is **DIRECTED** to **TERMINATE** these Defendants as parties to this action. Further, the Clerk is **DIRECTED** to **TERMINATE** Plaintiffs William Graham, Jr., Henry Harris, Jr., Marvin Wells, Dollie Downing, Takeitha Valdez Downing, Bennie Ogletree, and Calvin Potter as parties to this case. *See supra* n.1.

**SO ORDERED**, this 3rd day of December, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
