## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **TAVERN DOWNING, SR,** | |
| *Plaintiff,* | **CIVIL ACTION NO.** |
| **v.** | **5:24-cv-00277-TES** |
| **JESSE THOMPSON,** *et al.,* | |
| *Defendants.* | |

## ORDER GRANTING
## DEFENDANTS' MOTIONS TO DISMISS

Before the Court are two Motions to Dismiss. First, Defendant Anita Howard—the District Attorney for the Macon Judicial Circuit—filed a Motion to Dismiss [Doc. 27], asking the Court to dismiss the claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6). Second, and similarly, Defendant Jeffrey Woodard filed a Motion to Dismiss [Doc. 30], incorporating—in part—the Motion to Dismiss [Doc. 9] of Defendants Thompson, Presley, Nelson, and Statham. Plaintiff only responded to Howard's Motion. *See* [Doc. 47].

## BACKGROUND

As the Court previously laid out, this is the second iteration of Plaintiff's case filed in this Court. On August 7, 2024, the Court dismissed Plaintiff's earlier suit for insufficient service of process. *See Downing v. Thompson*, No. 5:23-CV-00501-TES, 2024

WL 3700199, at *1 (M.D. Ga. Aug. 7, 2024). A week later, Plaintiff filed the current

action. [Doc. 1]. In his Complaint [Doc. 1], Plaintiff brings claims against four different

sets of parties. First, Plaintiff alleges claims against officer-Defendants for searching his

home. [Doc. 1, pp. 7-8]. Second, Plaintiff quibbles with employees of the District

Attorney's Office and Bibb County Sheriff's Office for mishandling his property. [*Id.* at

pp. 9-10]. Third, Plaintiff sues attorney Travis Griffin for his efforts as Plaintiff's counsel

in the criminal action. [*Id.* at p. 11]. And finally, Plaintiff brings claims against news

stations for covering the story of his arrest. [*Id.* at p. 12].

On February 15, 2019, officers "invaded" the "Tavern Downing home," and

ultimately "searched and seized over 600 bitcoins and destroyed" Downing's

laboratory, research chemicals, and home. [Doc. 1, p. 7]. Plaintiff contends that

preceding this search, an officer delivered a package with a "trip wire to set off an alert"

once someone opened the package. [*Id.*]. According to Plaintiff, the package contained

one pound of MDMA. [*Id.*].

The trip wire never triggered, so the officers "forced their way into the residence

. . . began screaming and yelling and storming the home." [*Id.*]. The officers "placed

everyone in handcuffs and began to interrogate [and] humiliate everyone." [*Id.*]. The

officers then questioned Plaintiff and his family regarding the drugs, threatening jail

time if they did not cooperate. [*Id.*].

Following the search of the home, officers placed Plaintiff and his family outside

in front of a crowd of neighbors and other witnesses. [*Id.* at p. 8]. Finally, officers

escorted Plaintiff to a transport van and took him to jail. [*Id.*]. Following the arrest, on

January 19, 2019, District Attorney Howard and several assistant district attorneys

presented the case to a grand jury, which returned a true bill. [*Id.* at p. 6]. Eventually,

four years later, Superior Court Judge Mincey dismissed all charges because the search

of Plaintiff's home lacked a valid search warrant or exigent circumstances. [*Id.*]; *see also*

[Doc. 1-1].

After Judge Mincey dismissed the charges, Plaintiff attempted to retrieve his

property from the Bibb County Sheriff's Office. [*Id.* at p. 9]. Plaintiff first talked to

Defendant Statham, who informed him that he needed to contact the District Attorney's

Office. [*Id.*]. The District Attorney's Office, though, told Plaintiff that the Sheriff's Office

maintained possession of his property. [*Id.*]. After a few exchanges between the parties,

Statham told Plaintiff to make an appointment to get his property. [*Id.*]. Once he arrived

and Statham retrieved his property, Plaintiff noticed that the property did not include

his "cold wallets" containing "over 600 bitcoins." [*Id.*]. Plaintiff asked Statham about the

missing property and she instructed him to contact the investigator who worked on the

case. [*Id.*].

## LEGAL STANDARD

When ruling on a 12(b)(6) motion, district courts must accept the facts set forth in

the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint

survives a motion to dismiss only if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). In fact, a well-pled complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (citation omitted). To decide whether a complaint survives a motion to dismiss, district courts are instructed to use a two-step framework. *Id.* The first step is to identify the allegations that are "no more than mere conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Furthermore, a complaint attacked by a 12(b)(6) motion is subject to dismissal when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "A plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action."

4

*McCullough*, 907 F.3d at 1333 (internal quotations omitted); *see also Twombly*, 550 U.S. at 555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take all factual allegations in the complaint as true; they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 545, 555. Finally, complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

## DISCUSSION

Plaintiff's Complaint presents 14 total counts, but only 3 counts apply to these Defendants. As to Defendant Howard, Plaintiff brings two claims—count 13: misrepresentation of facts to a grand jury; and count 14: conspiracy to commit fraud. [Doc. 1, pp. 5–6]. As to Defendant Woodard, Plaintiff brings count 8: theft of digital currency post-arrest. [*Id.* at p. 2].

### I.    Defendant Howard[1]

In count 13, Plaintiff alleges that Howard "knowingly, willfully[,] intentionally[,] and negligently misrepresent[] facts to a grand jury to get an indictment against Tavern Downing Sr." [Doc. 1, p. 6 (cleaned up)]. The Court construes this count as a claim for malicious prosecution based solely on Howard's arguments before the grand jury.[2] However, Howard, acting within her "'prosecutorial functions' receive[s] absolute immunity and [is] therefore not subject to suit under 42 U.S.C. § 1983." *Long v. Satz*, 181 F.3d 1275, 1278 (11th Cir. 1999). That includes her presentations to a grand jury. *See, e.g.*, *Burns v. Reed*, 500 U.S. 478, 489 (1991). The same is true under Georgia law. *See Robbins*

---

[1] As an initial matter, the Court must dispel Plaintiff's contention that the Court "acknowledged that [he] has a valid claim against Defendant Howard for malicious prosecution." [Doc. 47, p. 2]. To be clear, the Court made no such finding. Instead, the Court found that the relevant statute of limitations did not bar Plaintiff's claims for malicious prosecution against other Defendants. [Doc. 26, p. 11]. That *does not* mean the Court found a valid claim.

[2] Plaintiff's arguments seeking to overcome absolute immunity are misplaced. Plaintiff seeks to create a carve out of absolute immunity that holds prosecutors liable for malicious acts. [Doc. 47, p. 2]. But, Eleventh Circuit precedent is clear that "[a] prosecutor is absolutely immune from suit for malicious prosecution." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).

*v. Lanier*, 402 S.E.2d 342, 343 (Ga. Ct. App. 1991); Ga. Const. art. VI, § 8, ¶ I ("District attorneys shall enjoy immunity from private suit for actions arising from the performance of their duties.").[3] Accordingly, count 13 is **DISMISSED** as to Howard **with prejudice**.[4]

In count 14, Plaintiff brings a claim of conspiracy to commit fraud against Defendants Howard, Mike Smith, and Mark Daniel. [Doc. 1, p. 6]. However, Plaintiff's Complaint is completely devoid of any allegation of the existence of a conspiracy, the target of the conspiracy, or any other detail required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8, 9(b). Even more, "[a] prosecutor only can be liable for conspiracy 'if his agreement to join the conspiracy or conduct knowingly done in furtherance of it occurred while he was not in his prosecutorial role. [A prosecutor] cannot . . . be held liable for conspiring to violate [a person's] rights by prosecuting him, because he is absolutely immune from liability for' that prosecution." *Holt v. Crist*, 233 F. App'x 900, 903 (11th Cir. 2007) (quoting *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1282 (11th Cir. 2002)). Therefore, any claim for conspiracy based on Plaintiff's prosecution fails.

---

[3] Even assuming that Howard is not entitled to immunity for her grand-jury presentation, count 13 is completely devoid of any factual allegations. Indeed, it consists only of "labels and conclusions" along with a "formulaic recitation" of *some* elements needed for a malicious-prosecution claim. *McCullough*, 907 F.3d at 1333 (internal quotations omitted).

[4] *See Baxter v. Washington*, 201 F. App'x 656, 658 (11th Cir. 2006) (holding that claims dismissed due to absolute immunity are dismissed with prejudice).

And, even more, as Howard argues, the intracorporate conspiracy doctrine bars any conspiracy claims against her and others in her office. *See Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001) ("Simply put, under the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves.") (citations omitted). That applies to government units, too. *See id.* Taken together, Plaintiff's conspiracy claim against Howard and her subordinates fails as a matter of law.

Accordingly, counts 13 and 14 are **DISMISSED** as to Howard.

## II.     <u>Defendant Woodard</u>

Defendant Woodard is only named in one count—count 8—which alleges that someone unlawfully stole over 600 Bitcoins.[5] [Doc. 1, p. 4]. However, such a claim may not be litigated in this Court. Indeed, as the Eleventh Circuit explained in *Lindsey v. Storey*, a state actor's retention of an individual's property does not give rise to liability under § 1983 "if a meaningful post-deprivation remedy for the loss is available." 936 F.2d 554, 561 (11th Cir. 1991) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). And Georgia law provides an adequate post-deprivation remedy for such a claim via an action under O.C.G.A. § 51-10-1. *See id.* Therefore, to the extent count 8 brings a § 1983 claim, it is **DISMISSED**.

---

[5] As an initial matter, the Court isn't certain that someone can physically "steal" Bitcoins. However, even assuming that such an act is possible, the claim fails.

Reading count 8 as a state-law claim fares no better, as Plaintiff failed to state a cognizable claim against Woodard. The Complaint solely accuses the unidentified person who "checked that property out of the Sheriff['s] Office." [*Id.* at p. 10]. By Plaintiff's own version of the facts, Woodard—an officer with the Sheriff's office—did not check out the items, someone with the District Attorney's Office did. [*Id.* at p. 9]. Plaintiff offers no facts to connect Woodard to any potential theft. Plaintiff does not allege that Woodard himself participated in any theft; indeed, Plaintiff only mentions Woodard's name once throughout the factual allegations relevant to count 8. [*Id.* at pp. 9–10]. That is not "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545, 555. Therefore, Plaintiff's state-law claim for the stolen property fails and the Court **DISMISSES** count 8 as to Woodard **with prejudice**.[6]

## CONCLUSION

In sum, the Court **GRANTS** Defendant Anita Howard's Motion to Dismiss [Doc. 27] and Defendant Jeffrey Woodard's Motion to Dismiss [Doc. 30]. Since the Court dismissed the only claims against them, the Clerk of Court is **DIRECTED** to **TERMINATE** Anita Howard and Jeffrey Woodard as parties to this action.

[*signature and date on following page*]

---

[6] To the extent Plaintiff attempts to bring a § 1983 claim for conspiracy, such claims fail. To be sure, Plaintiff does not "show some evidence of agreement between the defendants" to violate his civil rights by stealing property. *Rowe*, 279 F.3d at 1284. Accordingly, assuming, *arguendo*, Plaintiff intended to bring a § 1983 claim for conspiracy, it is **DISMISSED**.

**SO ORDERED**, this 19th day of December, 2024.

S/ *Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**