IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TAVERN DOWNING, SR,**<br><br>*Plaintiff,*<br><br>v.<br><br>**JESSE THOMPSON,** *et al.*,<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:24-cv-00277-TES** |

**ORDER GRANTING**
**DEFENDANT'S MOTION TO DISMISS**

Before the Court is a Motion to Dismiss [Doc. 37], filed by Defendant Pacific and Southern LLC, d/b/a 13 WMAZ TV's ("WMAZ").[1] Plaintiff did not file a response[2] to the Motion within the time outlined by the Court's Local Rules.[3]

**BACKGROUND**

As the Court previously laid out, this is the second iteration of Plaintiff's case filed in this Court. On August 7, 2024, the Court dismissed Plaintiff's earlier suit for

---

[1] The Court previously dismissed the Media Defendants—*i.e.*, the other news-station Defendants—based on the same arguments. *See* [Doc. 28].

[2] The Court specifically reminded Plaintiff of the deadline to respond to this Motion at the hearing on December 9, 2024.

[3] The Court previously dismissed WMAZ due to Plaintiff's failure to produce evidence of sufficient service. [Doc. 34]. In WMAZ's Motion, it admits proper service, *see* [37-1, p. 2]; therefore, the Court vacated its prior Order. *See* [Doc. 40].

insufficient service of process. *See Downing v. Thompson*, No. 5:23-CV-00501-TES, 2024 WL 3700199, at *1 (M.D. Ga. Aug. 7, 2024). A week later, Plaintiff filed the current action. [Doc. 1]. In his Complaint [Doc. 1], Plaintiff brings claims against four different sets of parties. First, Plaintiff alleges claims against officer-Defendants for searching their home. [Doc. 1, pp. 7-8]. Second, Plaintiff quibbles with employees of the District Attorney's Office and Bibb County Sheriff's Office for mishandling their property. [*Id.* at pp. 9-10]. Third, Plaintiff sues attorney Travis Griffin for his efforts as Plaintiff's counsel in the criminal action. [*Id.* at p. 11]. And finally, Plaintiff brings claims against news stations for covering the story of his arrest. [*Id.* at p. 12].

On February 15, 2019, officers "invaded" the "Tavern Downing home," and ultimately "searched and seized over 600 bitcoins and destroyed" Plaintiff's laboratory, research chemicals, and home. [Doc. 1, p. 7]. Plaintiff contends that preceding this search, an officer delivered a package with a "trip wire to set off an alert" once someone opened the package. [*Id.*]. According to Plaintiff, the package contained one pound of MDMA. [*Id.*].

The trip wire never triggered, so the officers "forced their way into the residence . . . began screaming and yelling and storming the home." [*Id.*]. The officers "placed everyone in handcuffs and began to interrogate [and] humiliate everyone." [*Id.*]. The officers then questioned Plaintiff and his family regarding the drugs, threatening jail time if they did not cooperate. [*Id.*].

2

Following the search of the home, officers placed Plaintiff outside in front of a crowd of neighbors and other witnesses. [*Id.* at p. 8]. Finally, officers escorted Plaintiff to a transport van and took him to jail. [*Id.*]. After the entire event unfolded, WMAZ posted news stories detailing what occurred. [*Id.* at p. 4]; *see also* [Doc. 37-2].

Plaintiff's Complaint presents 14 total counts, but only 2 counts apply to WMAZ. Those relevant counts include count 7: defamation; and count 10: fraud and misrepresentation of facts. [Doc. 1, pp. 4–6].

## **LEGAL STANDARD**

When ruling on a 12(b)(6) motion, district courts must accept the facts set forth in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss only if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). In fact, a well-pled complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (citation omitted). To decide whether a complaint survives a motion to dismiss, district courts are instructed to use a

two-step framework. *Id.* The first step is to identify the allegations that are "no more than mere conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Furthermore, a complaint attacked by a 12(b)(6) motion is subject to dismissal when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "A plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333 (internal quotations omitted); *see also Twombly*, 550 U.S. at 555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take all factual allegations in the complaint as true; they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss is not whether the

claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 545, 555. Finally, complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

## DISCUSSION

In its Motion, WMAZ primarily seeks dismissal based on the expiration of the applicable statute of limitations. That means the Court must apply Georgia's statute of limitations to Plaintiff's claims to evaluate their timeliness. *See, e.g., Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

### I. Count 7

Count 7 alleges a state-law defamation claim. Under Georgia law, defamation actions must be "brought within one year from the date of the alleged defamatory acts (regardless of whether or not plaintiff had knowledge of the act or acts at the time of their occurrence)." *Davis v. Hosp. Auth. of Fulton Cnty.*, 269 S.E.2d 867, 870 (Ga. Ct. App.

1980); *see also* O.C.G.A. § 9-3-33. Here, Plaintiff alleges WMAZ committed defamation on February 15, 2019.[4] That means the relevant statute of limitations ran on February 15, 2020.[5] Plaintiff didn't file this action until August 14, 2024—far too late.[6] Accordingly, the Court **DISMISSES** Plaintiff's state-law defamation claims in count 7 as to WMAZ **with prejudice**.[7]

## II.     Count 10

Plaintiff brings a claim of fraud/misrepresentation of facts in count 10, but that claim fares no better. In Georgia, claims for fraud and misrepresentation must be brought within four years. *See Coe v. Proskauer Rose, LLP*, 878 S.E.2d 235, 241 (Ga. 2022). Again, Plaintiff alleges that WMAZ committed fraud/misrepresentation on February 15, 2019.[8] [Doc. 1, p. 5]. That means the relevant statute of limitations ran on February 15,

---

[4] Although the Complaint alleges the defamation occurred on February 15, 2019, Plaintiff's exhibits show the news stories were posted on February 18, 2019. *See* [Doc. 25-4]. Regardless, the three-day difference doesn't save the claims.

[5] The COVID-19 judicial emergency also does not extend Plaintiff's filing period because the judicial emergency began on March 14, 2020—after the relevant statute of limitations expired. *See Beauparlant v. Aiken*, 868 S.E.2d 482, 484 (Ga. Ct. App. 2022).

[6] And, even applying Georgia's renewal statute—O.C.G.A. § 9-2-61—does not save Plaintiff's case. Indeed, for the renewal statute to apply, the original action must be filed within the applicable statute of limitations. See O.C.G.A. § 9-2-61(a); *see also Harvey v. Daniels*, 625 F. App'x 499, 502 (11th Cir. 2015). Plaintiff filed the first action on December 13, 2023—also outside of the statute of limitations. *See* Complaint, *Downing v. Thomas*, No. 5:23-cv-00501-TES (M.D. Ga. Dec. 13, 2023), ECF No. 1.

[7] Any separate claim for conspiracy fails for the same reasons. *Davis v. City of N.Y.*, No. 5:21-CV-00156-TES, 2021 WL 2003556, at *2 (M.D. Ga. May 19, 2021) ("Moreover, where a tort claim fails as a matter of law—pursuant to an expired statute-of-limitations period, for instance—a conspiracy claim also fails.").

[8] Once again, the exhibits show the stories were posted on February 18, 2019, but that does not change the outcome. *See supra* n.4.

6

2023. Relevant here, Georgia tolled the statute-of-limitations period during the COVID-19 pandemic for 122 days. *First Merit Credit Servs. v. Fairway Aviation, LLC*, 860 S.E.2d 126, 132 (Ga. Ct. App. 2021) (describing the Supreme Court of Georgia's Emergency Order and holding: "The 122-day tolling provision has been included in all subsequent extensions of the emergency order."). Therefore, Plaintiff's statute of limitations ran on June 21, 2023. However, again, Plaintiff did not file suit until August 14, 2024. [Doc. 1].[9] Accordingly, the Court **DISMISSES** count 10 against WMAZ **with prejudice**.

## CONCLUSION

In sum, the Court **GRANTS** Defendant WMAZ's Motion to Dismiss [Doc. 37].[10] Since the Court dismissed the only claims against it, the Clerk of Court is **DIRECTED** to **TERMINATE** Pacific and Southern LLC, d/b/a 13 WMAZ TV as a party to this action.

**SO ORDERED**, this 30th day of December, 2024.

> S/ *Tilman E. Self, III*
> **TILMAN E. SELF, III, JUDGE**
> **UNITED STATES DISTRICT COURT**

---

[9] And, as explained *supra* n.6, Georgia's renewal statute doesn't save this claim, either, because Plaintiff did not file the original action within the applicable statute of limitations.

[10] WMAZ presented other arguments in its Motion. *See* [Doc. 37-1]. However, since the Court dismisses Plaintiff's claims based on the lapsed statute of limitations, the Court does not reach the remaining arguments.