IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TAVERN DOWNING, SR,**  *Plaintiff,*  v.  **JESSE THOMPSON,** *et al.,*  *Defendants.* | **CIVIL ACTION NO.**  **5:24-cv-00277-TES** |

## ORDER

Before the Court is Defendant Travis Griffin's renewed Motion to Dismiss [Doc. 44]. Previously, Griffin filed a Special Appearance Motion to Dismiss [Doc. 20], seeking dismissal of the claims against him. However, because Griffin acknowledged he had not yet been served, *see* [Doc. 20, p. 1], the Court found that it could not reach the merits of the claims against him. The Court held a hearing on December 9, 2024, during which the Court granted Plaintiff Tavern Downing, Sr., a 60-day extension of time to serve Griffin. Following the hearing, Griffin filed the instant Motion seeking dismissal on similar grounds as before.

## BACKGROUND

In his Complaint [Doc. 1], Plaintiff brings claims against four different sets of parties. First, Plaintiff alleges claims against officer-Defendants for searching his home.

[Doc. 1, pp. 7-8]. Second, Plaintiff quibbles with employees of the District Attorney's Office and Bibb County Sheriff's Office for mishandling his property. [*Id.* at pp. 9-10]. Third, Plaintiff sues attorney Travis Griffin for his efforts as Plaintiff's counsel in the criminal action. [*Id.* at p. 11]. And finally, Plaintiff brings claims against news stations for covering the story of his arrest. [*Id.* at p. 12].

On February 15, 2019, officers "invaded" the "Tavern Downing home," and ultimately "searched and seized over 600 bitcoins and destroyed" Downing's laboratory, research chemicals, and home. [Doc. 1, p. 7]. Plaintiff contends that preceding this search, an officer delivered a package with a "trip wire to set off an alert" once someone opened the package. [*Id.*]. According to Plaintiff, the package contained one pound of MDMA. [*Id.*].

The trip wire never triggered, so the officers "forced their way into the residence . . . began screaming and yelling and storming the home." [*Id.*]. The officers "placed everyone in handcuffs and began to interrogate [and] humiliate everyone." [*Id.*]. The officers then questioned Plaintiff and his family regarding the drugs, threatening jail time if they did not cooperate. [*Id.*].

Following the search of the home, officers placed Plaintiff and his family outside in front of a crowd of neighbors and other witnesses. [*Id.* at p. 8]. Finally, officers escorted Plaintiff to a transport van and took him to jail. [*Id.*]. Following the arrest, on January 19, 2019, District Attorney Howard and several assistant district attorneys

presented the case to a grand jury, which returned a true bill. [*Id.* at p. 6]. During his legal process, Griffin served as Plaintiff's lawyer. [*Id.* at p. 5]. Eventually, four years later, Superior Court Judge Mincey dismissed all charges because the search of Plaintiff's home lacked a valid search warrant or exigent circumstances. [*Id.*]; *see also* [Doc. 1-1].

## **DISCUSSION**

Plaintiff's Complaint presents 14 total counts, but only 2 are brought against Griffin: count 11, alleging Griffing defrauded Plaintiff of $7,500.00 in violation of the 5th, 6th, and 8th Amendments; and count 12: alleging Griffin made false statements to deceive Plaintiff into a contractual agreement in violation of the 5th, 6th, and 14th Amendments. [Doc. 1, p. 5].

Griffin's Motion argues that "Plaintiff['s] Renewal Complaint is poorly written, out of time, and fails on both procedural and substantive grounds." [Doc. 44-1, p. 1]. More specifically, Griffin attempts to get around the Court's prior ruling awaiting perfected service by arguing that the Court lacks subject-matter jurisdiction. Griffin argues that he is "is improperly joined as a party in a lawsuit for [the § 1983] claims" against the other parties. [*Id.* at p. 5]. Griffin continues, arguing "[i]f [Plaintiff] were to prosecute a 1983 Claim against Attorney Griffin alone that prosecution would fail because Attorney Griffin is a private attorney and is not a government employee." [*Id.* at p. 6].

3

Griffin's arguments on subject-matter jurisdiction fail at the outset for two reasons. First, Griffin's misjoinder point misses the mark. Plaintiff is not seeking to hail Griffin into court based on the § 1983 claims he alleges against other Defendants. Plaintiff clearly intended to bring a constitutional claim—no matter how legally flawed that claim might be—against Griffin. *See, e.g.*, *Spivey v. Woodford*, No. 5:22-cv-00066-TES, 2022 WL 1157484, at *3 (M.D. Ga. Apr. 19, 2022) ("When a plaintiff asserts a violation of constitutional rights, such a claim is liberally construed to assert a claim under 42 U.S.C. § 1983."); *see also* [Doc. 1, p. 5 (alleging Griffin violated Plaintiff's rights under the 5th, 6th, 8th, and 14th Amendments to the United States Constitution). Therefore, the Court rejects Griffin's misjoinder arguments.

Second, Griffin seemingly contends that suing a person who is not a state actor deprives the Court of subject-matter jurisdiction. [Doc. 44-1, p. 6]. However, that argument is on shaky footing.[1] Indeed, alleging that an individual "acted under color of

---

[1] It is true that courts in the past have referred to § 1983's elements as "jurisdictional requisites." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1331 (11th Cir. 1982). However, "[i]n recent years, the terminology of jurisdiction has been put under a microscope at the Supreme Court. And the Court has not liked what it has observed—namely, sloppy and profligate use of the term 'jurisdiction' by lower courts and, at times in the past, the Supreme Court itself." *Grocery Mfrs. Ass'n v. E.P.A.*, 693 F.3d 169, 184 (D.C. Cir. 2012) (Kavanaugh, J., dissenting).

Even more, the Eleventh Circuit jurisprudence shows a tightening of jurisdictional holdings. Indeed, "[t]he Supreme Court has noted that courts, including it, 'have sometimes mischaracterized claim-processing rules or elements of a cause of action as jurisdictional limitations.'" *Santiago-Lugo v. Warden*, 785 F.3d 467, 472 (11th Cir. 2015) (citing *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010)). To make it clearer, the Supreme Court instructs lower courts to review the statutory text. "If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a

state law" is an *element* of a § 1983 claim. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). But, missing an *element* of a claim does not typically deprive the Court of subject-matter jurisdiction. Put another way, that type of discussion "is not a jurisdictional inquiry because 'the absence of a valid . . . cause of action **does not implicate subject-matter jurisdiction**.'" *Wiand v. ATC Brokers Ltd.*, 96 F.4th 1303, 1313 (11th Cir. 2024) (Marcus, J., concurring) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014)); *see also Wilke v. Tallahassee Mem'l Health Care*, No. 2:17-CV-399-ECM-SRW, 2018 WL 6184784, at *6 (M.D. Ala. Sept. 11, 2018) ("Thus, even if a court has doubts about the merits of a plaintiff's § 1983 claims, subject matter jurisdiction is not defeated."); *Curtis v. Taylor*, 625 F.2d 645, 650 (5th Cir. 1980) ("It is enough to note that a simple conviction that a claim must fail does not divest the district court of jurisdiction.");[2] *Miles v. Mirrorball, Inc.*, 65 F. App'x 569, 570 (7th Cir. 2003) ("[L]ack of state action does not deprive the district court of jurisdiction over a § 1983 claim; it simply means that the plaintiff has failed to state a claim for which relief can be granted.") (collecting cases); *Bell v. Hood*, 327 U.S. 678, 682 (1946) ("For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and

---

statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502 (2006).

[2] Because the Eleventh Circuit was previously a part of the Fifth Circuit, cases decided by the Fifth Circuit prior to October 1, 1981, are precedential to this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

5

not for a dismissal for want of jurisdiction."); *cf. Suthoff v. Yazoo Cnty. Indus. Dev. Corp.*, 637 F.2d 337, 340 (5th Cir. 1981). As the Court previously explained to Griffin—both in writing and at a hearing—the Court may not reach his remaining arguments since he contends insufficient service of process (and the Court extended Plaintiff's service period). *See, e.g.*, [Doc. 12, p. 3]; [Doc. 43]. Therefore, the Court **DENIES** Griffin's Motion to Dismiss.

Regardless, a court may dismiss claims sua sponte if such claims are patently frivolous. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). "A claim is frivolous if and only if it lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal citations omitted). And, § 1983 claims against non-state actors—including private attorneys—are frivolous because they lack any basis in law. *Howard v. Mohr*, No. 3:23-CV-00063-TES, 2023 WL 3981268, at *2 (M.D. Ga. June 13, 2023) (citing *Harvey v. Harvey*, 949 F.2d 1127 (11th Cir. 1992)); *see also Polk Cnty. v. Dodson*, 454 U.S. 312 (1981).

Here, Plaintiff's construed § 1983 claims against Griffin are patently frivolous and fail as a matter of law. To be sure, "the allegations in Plaintiff's complaint do not support a rational inference that [Griffin] acted under color of state law when he represented Plaintiff in his criminal [proceedings,] and they do not suggest any other plausible basis for holding [Griffin] liable under § 1983." *Walker v. Williams*, No. 21-10597, 2022 WL 363809, at *4 (11th Cir. Feb. 8, 2022). In the end, Plaintiff cannot

6

maintain a § 1983 claim against Griffin. *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).

To the extent Plaintiff intended to bring state-law claims based on Georgia-law fraud and fraud in the inducement, the Court lacks federal-question jurisdiction over any such claims, and Plaintiff's Complaint does not allege diversity of citizenship between Plaintiff and Griffin such that the Court can adjudicate the claims.[3] Therefore, the state-law claims could only be heard under the Court's supplemental jurisdiction, which the Court declines to exercise in this matter.[4] *See* 28 U.S.C. § 1367. Accordingly, the Court **DISMISSES** any potential state-law claims **without prejudice**.

## CONCLUSION

In sum, the Court **DENIES** Griffin's Motion to Dismiss [Doc. 44] but exercises its considerable discretion and finds that Plaintiff's § 1983 claims against Griffin are frivolous and should be **DISMISSED with prejudice**.[5] *See Jefferson Fourteenth Assocs. v.*

---

[3] *See generally* [Doc. 1].

[4] "[S]tate courts, not federal courts, should be the final arbiters of state law[.]" *Iraheta v. Houston Cnty.*, 5:21-CV-00104-TES, 2022 WL 209273, at *11 (M.D. Ga. Jan. 24, 2022). And when a federal court dismisses the federal claims before it, there is a "strong argument" for dismissing the remaining issues. *Id.*; *see also Dixie Elec. Co-op. v. Citizens of State of Ala.*, 789 F.2d 852, 858 n.19 (11th Cir. 1986) ("Where state law issues dominate, the matter to be adjudicated is primarily one of state interest; if the claim forming the basis of federal jurisdiction is dismissed early in the proceeding, discretion should be exercised in favor of a remand and against deciding the remaining claims."); *Silas v. Sheriff of Broward Cnty.*, 55 F.4th 863, 866 (11th Cir. 2022) ("A district court, exercising its already broad discretion, will rarely err by declining supplemental jurisdiction after the federal claims that supported its jurisdiction are dismissed.").

[5] The Court notes that Plaintiff passed on his opportunity to respond to Griffin's arguments. The Court made it clear to Plaintiff at an in-person hearing that he needed to file a response if he wanted the Court to consider his arguments. He failed to do so for his claims against Griffin, as well as other Defendants.

*Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir. 1983);[6] *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008). As to Plaintiff's potential state-law claims, the Court declines to exercise its supplemental jurisdiction and **DISMISSES** those claims **without prejudice**. The Court notes that Griffin is the only remaining Defendant in this action. Accordingly, the Court **DIRECTS** the Clerk to **ENTER** Judgment and **CLOSE** this case.

**SO ORDERED**, this 3rd day of January, 2025.

S/ *Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[6] In *Jefferson*, the Eleventh Circuit held that a district court may not dismiss, sua sponte, a plaintiff's complaint before a defendant answers—*i.e.*, before the expiration of a plaintiff's Rule 15(a) amendment-as-of-right period. 695 F.2d at 527. That is inapposite here because Griffin filed a Rule 12(b) motion, which also starts the Rule 15(a) clock. *See* Fed. R. Civ. P. 15(a)(1)(B). Plaintiff neither filed an amended complaint, nor sought leave to do so during that timeframe.